IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD L. WOOTEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-00024 |
| | § | (JURY) |
| STATE FARM LLOYDS, | § | |
| | § | |
| *Defendant,* | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, Ronald L. Wooten, ("Plaintiff"), and files **Plaintiff's First Amended Complaint**, complaining of State Farm Lloyds ("State Farm") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### PARTIES

1. Plaintiff, Ronald L. Wooten, resides in Harris County, Texas.

2. Defendant, State Farm Lloyds, is an insurance company incorporated in the State of Illinois and engaged in the business of insurance in the State of Texas. Defendant was served with citation and appeared and answered in State Court.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and

costs.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

5. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers.

## FACTS

6. Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owned a State Farm Lloyds insurance policy, number 53EBC1550 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 10714 Oswego Street, Houston, Texas 77029 ("the Property").

8. State Farm Lloyds or its agent sold the Policy, insuring the Property, to Plaintiff. State Farm Lloyds represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's property. During the time from April 6, 2020 to April 6, 2021 ("Policy Period"), a severe storm passed through the Harris County, Texas area.

9. Plaintiff submitted a Claim to State Farm Lloyds against the Policy for damage to the Property. State Farm Lloyds assigned claim number 5318J484J to Plaintiff's claim (the "Claim"). State Farm assigned a date of loss of September 20, 2020 to the claim. Plaintiff contends the date of loss to be May 15, 2020.

10. Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

11. State Farm Lloyds hired or assigned its agent, Brandi M Lester ("Lester"), to inspect and adjust the claim. Lester conducted an inspection on or about May 11, 2021, according to the information containted in their estimate. Lester represented to Plaintiff that they did not find any storm related damage to the Property. Plaintiff was left without adequate funds to make repairs on the entirety of the Claim.

12. State Farm, through its agent, Lester, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. State Farm either failed to conduct appropriate research into weather events occurring at the insureds' location, or ignored that weather information which showed that the location was impacted by severe weather during the Policy period.

13. State Farm and Lester have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage, including the fence and outdoor shed. The third-party inspector hired to review the damage to the Property found storm damage that was completely absent from Lester's estimate.

14. The damage to Plaintiff's Property is currently estimated at $45,879.21.

15. Lester had a vested interest in undervaluing the claims assigned to them by State Farm in order to maintain their employment. The disparity in the number of damaged items in their report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Lester.

Plaintiff's First Amended Complaint
*Wooten, Ronald v. State Farm Lloyds*

3

16. Furthermore, Lester was aware of Plaintiff's deductible prior to inspecting the Property. Lester had advanced knowledge of the damages they needed to document in order to be able to deny the Claim.

17. Lester misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Lester made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on their expertise and accept the bad faith estimate as a true representation of the damages.

18. After reviewing Plaintiff's Policy, Lester misrepresented that the damage was caused by non-covered perils. Lester used their expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

19. As stated above, State Farm and Lester improperly and unreasonably adjusted Plaintiff's Claim. Without limitation, State Farm and Lester misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy.

20. State Farm and Lester made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. State Farm and Lester made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Lester.

21. Plaintiff relied on State Farm and Lester's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these

misrepresentations.

22. Upon receipt of the inspection and estimate reports from Lester, State Farm failed to assess the Claim thoroughly. Based upon Lester's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, State Farm failed to provide coverage due under the Policy, and Plaintiff suffered damages.

23. Because State Farm and Lester failed to provide coverage for Plaintiff's insurance Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

24. Furthermore, State Farm and Lester failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Lester performed an unreasonable and substandard inspection that allowed State Farm to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

25. State Farm and Lester's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

26. State Farm and Lester's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). State Farm and Lester have failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, State Farm and Lester have failed to, in an honest

and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

27. State Farm and Lester's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). State Farm and Lester failed to provide Plaintiff a reasonable explanation for underpayment of the Claim.

28. Additionally, after State Farm received statutory demand on or about September 22, 2021, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly.

29. State Farm and Lester's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Lester performed a biased and intentionally substandard inspection designed to allow State Farm to refuse to provide full coverage to Plaintiff under the Policy.

30. Specifically, State Farm and Lester performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

31. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX. INS. CODE §542.055. Due to Lester's subpar inspection, State Farm failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information.

32. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment

of Claims. TEX. INS. CODE §542.056. Due to Lester's intentional undervaluation of Plaintiff's Claim, State Farm failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Lester's understatement of the damage to the Property caused State Farm to delay full payment of Plaintiff's Claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's Claim.

33. State Farm and Lester's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS

34. All paragraphs from the fact section are hereby incorporated into this section.

### BREACH OF CONTRACT

35. State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

36. State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. All allegations above are incorporated herein.

38. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

39. State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

40. State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

41. State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

42. State Farm's unfair settlement practice of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

43. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

44. State Farm's delay in paying Plaintiff's Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

46. State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's Claim, even though State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

47. State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by State Farm pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, State Farm have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations

include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's Claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. State Farm represented to Plaintiff that the Policy and State Farm's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. State Farm represented to Plaintiff that State Farm's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

  G. State Farm's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48. Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages. All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

49. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

50. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

51. The damages caused to the Property have not been properly addressed or repaired since the Claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

52. Plaintiff currently estimates that actual damages to the Property under the Policy are $45,879.21.

53. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

54. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

55. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

56. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount State Farm owed, exemplary damages, and damages for emotional distress.

58. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

59. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

60. Both Paties have requested a jury trial for all causes of action alleged herein.

## PRAYER

Plaintiff, Ronald L. Wooten, prays that he recovers from Defendant, State Farm Lloyds such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-

judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show they are so justly entitled.

Dated: March 02, 2022

Respectfully submitted,

By: /s/ *Michael D. Jack*

Chad T. Wilson
Texas Bar No. 24079587
Southern District Bar No. 2249683
Michael D. Jack
Texas Bar No. 24120920
Southern District Bar No. 3643101
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
mjack@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing instrument was electronically served on all counsel of record via electronic service on March 3, 2022.

M. Micah Kessler
mkessler@nck-law.com
Jazmine J. Ford
jford@nck-law.com
Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, Texas 77027
(713) 781-2889
(713) 781-7222 (fax)

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

                                                  */s/ Michael D. Jack*
                                                  Michael D. Jack